**AI JING JIANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 09–1942–ag.

United States Court of Appeals, Second Circuit.

Nov. 13, 2009.

Yu Zhang, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Joanna L. Watson, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, ROBERT A. KATZMANN and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Petitioner Ai Jing Jiang, a native and citizen of the People's Republic of China, seeks review of an April 7, 2009 order of the BIA affirming the July 10, 2007 decision of Immigration Judge ("IJ") Annette S. Elstein, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ai Jing Jiang,* No. A099 023 605 (B.I.A. Apr. 7, 2009), *aff'g* No. A099 023 605 (Immig. Ct. N.Y. City July 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

■ Even if we assume that Jiang was credible, the BIA did not err in finding that he failed to establish his eligibility for asylum and withholding of removal. In *Shi Liang Lin v. U.S. Dep't of Justice,* this Court held that the definition of "refugee" under 8 U.S.C. § 1101(a)(42) does not ex-

tend automatically to the partners of individuals who have been forcibly sterilized or forced to have an abortion. 494 F.3d 296, 314 (2d Cir.2007); *See also Matter of J–S–,* 24 I. & N. Dec. 520 (A.G.2008). Rather, those persons may qualify for refugee status if they "can prove past persecution, or a fear of future persecution for 'resistance' that is directly related to [their] own opposition to a coercive family planning policy." *Shi Liang Lin,* 494 F.3d at 313. Jiang testified that he was not present, and thus did not resist, when his wife was taken to the hospital for an abortion. Indeed, Jiang has never argued that he was persecuted or feared persecution based on his "other resistance." Thus, the BIA properly determined that Jiang is not eligible for relief. *See id.* at 314; *see also Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir. 2007); *Shu Wen Sun v. BIA,* 510 F.3d 377, 381 (2d Cir.2007).

■ Jiang also argues that he demonstrated a well-founded fear of persecution and torture because the family planning board allegedly informed him that he had to be sterilized. The IJ discounted this testimony as "somewhat speculative" and noted that Jiang had submitted no materials supporting this claim. Moreover, his asylum application explained that he had been warned that "any further birth control violation would result in sterilization." Jiang presented no basis for thinking that there would be "any further birth control violation," thus rendering reasonable the IJ's finding that his apprehension of sterilization was "somewhat speculative."

Finally, there is no merit to Jiang's argument that because *Matter of J–S–* was decided after the IJ's decision, the BIA erred by not remanding the case. Rather, the BIA properly conducted *de novo* review in making the purely legal determination that Jiang was not entitled to relief

based on the facts he had alleged. 8 C.F.R. § 1003.1(d)(3)(ii).

Because Jiang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir.1991).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).